KORNMANN, District Judge,
dissenting.
The majority opinion comprehensively and correctly sets out the history of this case. I have only one disagreement. I do not agree that we should give the federal government in this case yet another chance to “get it right.” The government has had quite enough chances to do that. I disagree with the conclusion that a remand is necessary. I believe we should affirm the action of the trial court, although based on some conclusions somewhat different from those of the district court. We are, of course, permitted to do that. The district court was correct in *514 deciding that the decision of the National Indian Gaming Commission (“NIGC”) lacked a rational basis on the law and the facts of the record and was therefore arbitrary and unlawful.
The bottom line, in my opinion, is that the failure of the NIGC to consider and apply the express clear language of the Ponca Restoration Act (“PRA”) was a decision that was “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.” 5 U.S.C. § 706(2)(A). This same point, i.e. that the PRA expressly prohibits any government agency from taking land into trust for gambling purposes outside of Boyd and Knox Counties in the State of Nebraska, was urged upon the NIGC by the appellees. The appellees have taken the same position before the district court and now before us.
The Court of Appeals reviews de novo a district court’s decision on an appeal from an agency decision. Thomas v. Jackson, 581 F.3d 658, 664 (8th Cir.2009). We may set aside an agency’s decision under the circumstances described above. 5 U.S.C. § 706(2)(A). As stated, those circumstances exist here.
The result in this case is dependent upon a correct interpretation of the Indian Gaming Regulatory Act (“IGRA”) and the PRA. The United States Supreme Court long ago set forth the standard of review of an agency’s final decision construing a statute.
When a court reviews an agency’s construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency’s answer is based on a permissible construction of the statute.
Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984).
“The plain meaning of a statute controls, if there is one, regardless of an agency’s interpretation.” St. Marys Hosp. of Rochester, Minnesota v. Leavitt, 535 F.3d 802, 806 (8th Cir.2008) (quoting Horras v. Leavitt, 495 F.3d 894, 900 (8th Cir.2007) and Hennepin County Med. Ctr. v. Shalala, 81 F.3d 743, 748 (8th Cir.1996)).
The appellants urge a reversal of the district court or, at the very least, a remand to the district court and then to the NIGC. There is no need to remand this matter. Pursuant to the Ponca Restoration Act of October 31, 1990:
The Secretary shall accept not more than 1,500 acres of any real property located in Knox or Boyd Counties, Nebraska, that is transferred to the Secretary for the benefit of the Tribe. Such real property shall be accepted by the Secretary (subject to any rights, liens, or taxes that exist prior to the date of such transfer) in the name of the United States in trust for the benefit of the Tribe and shall be exempt from all taxes imposed by the Federal Government or any State or local government after such transfer. The Secretary may accept any additional acreage in Knox or Boyd Counties pursuant to. his authority un *515 der the Act of June 18, 1934 (25 U.S.C. 461 et seg.) (emphasis supplied).
25 U.S.C. § 983b(c).
While the Secretary may, pursuant to the Indian Reorganization Act, 25 U.S.C. § 465, take any land into trust for the benefit of an Indian tribe, such land so taken cannot qualify for the “restored lands” exception to the general prohibition of gaming on trust lands. Land taken into trust pursuant to the Ponca Tribe’s restoration, and upon which gaming is authorized, can only be trust lands in Knox or Boyd Counties in Nebraska. The Carter Lake parcel in Iowa cannot qualify as “restored lands.”
This result is consistent with the legislative history of the PRA. The Senate version of the Act’s restoration of rights sections did not contain language limiting trust status to any particular property. The Senate version of Section 4(c) of the Act provided, in part:
The Secretary shall accept any real property that is transferred to the Secretary for the benefit of the Tribe.
See 136 Cong. Rec. S10012-01, S10014, 1990 WL 99607. The Committee on Interior and Insular Affairs of the House of Representatives suggested an amendment to Section 4(c) to provide:
The Secretary shall accept not more than 1,500 acres of any real property located in Knox or Boyd Counties, Nebraska, that is transferred to the Secretary for the benefit of the Tribe.
H.R. Rep. 101-776m 1990 WL 200495. That version was adopted by the House, 136 Cong. Rec. H9277-01, 1990 WL 152007, and that is the version that was enacted as 25 U.S.C. § 983b(c).
There is no reason to consider the so-called three factors test set forth in Grand Traverse Band of Ottawa & Chippewa Indians v. U.S. Attorney for the W. Dist. of Mich., 198 F.Supp.2d 920, 935-36 (W.D.Mich.2002), aff'd. 369 F.3d 960 (6th Cir.2004). There is no reason to consider what agreement was reached between the Tribe and the appellees, including what authority the then Tribal attorney had to enter into such an agreement and any other factual circumstances existing when the Carter Lake parcel was taken into trust. The statute is clear. We should apply it, just as the agency should have applied it.
The appellants ask us to not address one of the issues presented on appeal because the NIGC agreed in the government’s brief and at oral argument that, upon remand, the NIGC would not issue a restored lands opinion without the concurrence of the Department of the Interior (“DOI”). We should reject such argument which is simply an attempt by the federal defendants to limit the scope of appeal, limit our authority, and not allow the appellees to have one of their issues decided.
The NIGC clearly had the authority to make the decision it made. Having the authority to make a decision does not allow the agency to abuse its discretion or ignore a clear statutory directive. It clearly did that when it failed to consider and apply, in determining whether “restored land status” applied to the Carter Lake parcel, Congress’ limitation in the PRA Act itself. The NIGC acted contrary to federal law which law is clear and not ambiguous. There was final agency action and the matter is ripe for a decision on appeal. As the majority opinion acknowledges, the NIGC held that the “Carter Lake land qualified as ‘restored lands.’ ” Such NIGC holding was clear error.
The district court reached the correct result and should be affirmed. For the reasons stated, I respectfully dissent.